UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAO SENG SAETURN, | No. 1:25-cv-01712-KES-CDB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |
| v. | |
| MARCO CHARLES, *et al.*, | (Docs. 1, 10) |
| Respondents. | **14-DAY OBJECTION PERIOD** |

Petitioner Kao Seng Saeturn ("Petitioner"), a federal immigration detainee, proceeds pro se with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 and request for injunctive relief. (Doc. 1). For the reasons set forth below, the undersigned recommends that the Court dismiss Petitioner's petition for writ of habeas corpus as moot.

I.     **Background**

On December 2, 2025, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at the California City Correctional Center, located in California City, California. (Doc. 1 at 2). On December 5, 2025, the Court preliminarily concluded that Petitioner's petition may be cognizable under 28 U.S.C. § 2241 and entered an order setting a briefing schedule on the petition. (Doc. 3). On December 29, 2025, Respondents filed an answer to the petition. (Doc. 7).

Pending before the Court is Respondents' motion to dismiss the petition as moot, filed on

1

January 27, 2026. (Doc. 10). Respondents assert that at the time Petitioner filed the petition, travel documents had been issued by Laos authorizing Petitioner's removal to Laos. *Id.* at 1 (citing Doc. 7-2 at 8). Samuel Medina, deportation officer ("DO") assigned to Petitioner's case, declares that on January 12, 2026, ICE completed Petitioner's removal from the United States. (Doc. 10-1, Declaration of Samuel Medina ("Medina Decl.") ¶ 4). Respondents contend that because Petitioner is no longer in the United States pending removal, the relief sought in his petition can no longer be granted such that his claims must be dismissed as moot. (Doc. 1 at 1-2).

## II.   Governing Authority

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)). "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064 (citation omitted); *see Spencer*, 523 U.S. at 7 ("Once the [petitioner's] sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). "Where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

## III.   Discussion

Here, Petitioner's petition seeks immediate release from custody and an order that Respondents may not remove or seek to remove him to a third country without notice and a meaningful opportunity to respond in compliance with his statutory and constitutional rights in reopened removal proceedings. (Doc. 1 at 19). Given Respondents declare that Petitioner was removed from the United States following the issuance of travel documents by Laos authorizing

Petitioner's removal thereto, Petitioner is unable to present a collateral consequence that can be remedied by a successful ruling on the petition.  Review of ICE's detainee locator for Petitioner's name (Kao or "Kyle" Seng Saeturn), A-number (027297412), country of birth (Laos), and date of birth (11/17/1970) confirms there are zero results indicating Petitioner remains in immigration detention. [1] *See* (Doc. 1 at 1-2); (Doc. 7-2 at 2).   Thus, Petitioner's removal to his country of origin moots the relief he seeks in his petition.  *See, e.g.*, *Abdala*, 488 F.3d at 1065; *Ortega v. Andrews*, No. 1:25-cv-00730-HBK-JLT (HC), 2025 WL 3110992, at *2 (E.D. Cal. Nov. 6, 2025) ("Petitioner's removal cures his complaints about the length of his detainment without a bond hearing. … Because Petitioner is no longer in ICE detention, the Court lacks jurisdiction to consider the claim raised in the Petition."), *recommendation adopted*, 2025 WL 3281832 (E.D. Cal. Nov. 25, 2025) (adopting findings and recommendations, dismissing petition as moot, and directing Clerk of Court to close case).

Because Petitioner is no longer in ICE custody, the undersigned finds that no case or controversy exists and recommends that the petition be dismissed as moot, as other judges of this Court have found and dismissed for mootness under similar circumstances.  *See, e.g.*, *Harutyunyan v. Warden of the Golden State Annex Detention Facility*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025); *Colin v. Warden*, No. 1:23-cv-00127-CDB-JLT (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025) (recommending dismissal with prejudice as moot), *recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025) (adopting in full findings and recommendations and dismissing petition without prejudice as moot); *Nadyrov v. Warden of Golden State Annex Detention Facility*, No. 1:25-cv-00754-JLT-EPG-HC, 2025 WL 3555166, at *1 (E.D. Cal. Dec. 11, 2025), *recommendation adopted*, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026); *Nguyen v. Field Office Director*, No. 1:24-cv-01579-KES-EPG-HC, 2025 WL 1864885, at *1 (E.D. Cal. June 4, 2025), *recommendation adopted,* 2025 WL 2106696 (E.D. Cal. July 28, 2025).

---

[1] *See* https://locator.ice.gov/odls/#/search (last visited January 28, 2026); *see also Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities[.]").

**IV.      Conclusion and Recommendation**

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT; and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **January 28, 2026**                                  _____
                                                                UNITED STATES MAGISTRATE JUDGE